**Henry C. HUBBARD, Appellant,**

v.

**UNITED STATES of America, and Silvio O. Conte, Appellees.**

**No. 13630.**

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1970.

Decided Nov. 10, 1970.

Carl Budwesky for appellant.

A. James Barnes, Atty., Dept. of Justice, (William D. Ruckelshaus, Asst. Atty. Gen., and Morton Hollander, Atty., Dept. of Justice, and Brian P. Gettings, U. S. Atty., on brief) for appellees.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

BOREMAN, Circuit Judge:

Henry C. Hubbard brought an action against the United States, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and against Silvio Conte, the latter a member of Congress, for damages resulting from injuries sustained by Hubbard as a result of having been shot in the head by Conte during an organized and supervised deer hunt on a government reservation at Camp A. P. Hill, Virginia, to which Hubbard, Conte and some eighteen other persons had been invited as guests of the United States Army. Negligence of the United States was charged in the first count of the complaint, and negligence of Conte was charged in the second count. Both counts of the complaint were heard together, before a jury as to defendant Conte and by the court as to the United States. The jury returned a verdict in favor of Conte and the court entered judgment in favor of the United States. Hubbard's appeal as to Conte was dismissed by consent and Hubbard prosecutes this appeal from the judgment in favor of the United States. We affirm.

The district court dismissed Hubbard's claim against the United States on the ground that Hubbard failed to prove that the Army was negligent in failing to discharge its duty to exercise reasonable care in selecting the place for, and in conducting, the hunt; further, even

assuming that the Army was negligent, the Government would not be liable to Hubbard since he had been contributorily negligent and had assumed the risk of injury when he voluntarily joined the hunt.

At such deer hunts at Camp A. P. Hill, hunters were customarily divided into two groups, i. e., drivers and standers. The standers were placed in stationary positions, and the drivers while making noise moved in a straight line toward the standers from some distance away, hoping to cause any deer in the area to run toward the standers. On the day of Hubbard's injury the standers were positioned in a "U"-shaped alignment, with the drivers moving in a straight line toward the open end of the "U." The two groups customarily exchanged duties during the hunting day so that all of the hunters would share time as drivers and as standers. Hubbard was injured during an afternoon hunt. Both Hubbard and Conte had been drivers at the morning hunt, during which they should have become familiar with the terrain and should have seen how and where the hunt was conducted and where the standers were positioned.

In deciding that Hubbard had not sustained his burden of proving negligence on the part of the United States, the court necessarily was required to make a vital credibility resolution. There were irreconcilable conflicts in the evidence. Hubbard claimed that the United States had been negligent in excusing Conte and two other members of the hunting party from a briefing session which had been conducted by the Army for all other members of the party on the night before the hunt; and, that a briefing session conducted for these three members of the hunting party in the early morning of the day of the hunt had been quite brief and inadequate to inform these three persons as to the positioning of hunters during the hunt, which negligence was the proximate cause of Hubbard's injuries.

Lieutenant Martin testified that he had conducted a full briefing for these three hunters on the morning of the hunt and that he had drawn a rough diagram for them showing approximately where the hunters would be stationed, the area through which the deer would be driven, and the approximate firing pattern to be followed and observed by the various hunters. Conte and his companion, another of the three hunters who had been briefed by Lieutenant Martin on the morning of the hunt, denied that Martin had drawn a diagram of the hunt site to indicate where hunters would be stationed or the approximate firing pattern.

Hubbard recognizes that the standard of review of a trial court's factual determination is the "clearly erroneous" test, as set out in Rule 52(a), Fed.R.Civ.P., which states in pertinent part:

> "* * * Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. * * *"

As held in United States v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948):

> "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."

The district court resolved the conflict in the evidence by crediting Lieutenant Martin's testimony and we cannot say that this factual finding was clearly erroneous.

The resolution of this credibility issue controls the resolution of Hubbard's claim that it was negligence to excuse Conte and two others from the briefing held on the night before the hunt. The district court found that a full and adequate briefing with diagrams was given to Conte and the two others on the morning of, and prior to, the hunt; thus, the time when the briefing occurred is of no significance. . .

The factual determination that Conte had been fully informed as to where the standing hunters were to be stationed and as to the approximate firing pattern, which finding we accept, is dispositive of Hubbard's claim of negligence because of Sergeant Traynor's alleged failure to point out to Conte on the premises the exact spot where Hubbard was stationed[1] and his claim of negligence because he was placed within range of Conte's gun. Conte knew or should have known that one of the hunters would be stationed where Hubbard was in fact injured and that he should not fire in the direction of that station.

Our conclusion that the district court did not err in holding that Hubbard had not sustained his burden of proving actionable negligence on the part of the United States makes it unnecessary to discuss other issues which Hubbard raises on appeal.

Affirmed.

---

[1]. The district court did not explicitly find that Sergeant Traynor had advised Conte of Hubbard's specific location but the court did conclude that Hubbard's claim that Conte had not been so advised was not supported by the evidence.